UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-20771-CIV-HUCK/BANDSTRA

AMERICAN GUARANTEE &
LIABILITY INSURANCE COMPANY,

        Plaintiff,
vs.

SIMON ROOFING & SHEET METAL
CORP., LIBERTY MUTUAL FIRE INSURANCE
COMPANY, AND FLORIDA DIVERSIFIED FILMS,
INC.,

        Defendants.
_____/

### ORDER DENYING DEFENDANT LIBERTY MUTUAL FIRE INSURANCE COMPANY'S MOTION TO DISMISS OR STRIKE DEFENDANT SIMON ROOFING & SHEET METAL CORP.'S AMENDED CROSS-CLAIM

THIS MATTER comes before the Court on Defendant Liberty Mutual Fire Insurance Company's ("Liberty") Motion to Dismiss or Strike Defendant Simon Roofing & Sheet Metal Corp.'s ("Simon") Amended Cross-claim. (D.E. No. 56, filed July 16, 2012). The Court has reviewed the parties' submissions, the relevant legal authorities, and is otherwise duly advised. For the reasons set forth below, Liberty's Motion is denied.

### I.    BACKGROUND

In October 2006, Florida Diversified Films ("FDF") won a $1,492,000 judgment in state court against Defendant Simon. Simon's Am. Countercl. for Decl. Rel. ¶ 14 (D.E. No. 51, filed June 28, 2012). The Third District Court of Appeal affirmed the judgment and awarded FDF appellate attorneys' fees. *Id.* at ¶¶ 17-18. Whether FDF is entitled to the rest of its attorneys' fees is pending appeal. *Id.* at ¶ 19. This case concerns only which of Simon's two insurers—if any—must bear the costs of the judgment and attorneys' fees associated with the FDF lawsuit.

Simon is insured under two commercial liability insurance policies. Simon's primary insurer is Liberty; its secondary insurer is American Guarantee & Liability Insurance Company ("American Guarantee"). *Id.* at ¶¶ 8-9. Liberty's policy contains a liability limit of $1 million; the American Guarantee policy contains a $25-million limit. *Id.* Because the American

1

Guarantee policy is an "excess" policy, it kicks in only when Simon is liable for an amount that exceeds Liberty's policy limit.

American Guarantee claims that Simon breached the excess policy because it provided notice of the FDF lawsuit only after it lost and was ordered to pay the $1,492,000 judgment. American Guarantee's Am. Compl. for Decl. Relief ¶¶ 16, 39-40 (D.E. No. 32, filed May 10, 2012). American Guarantee has filed a Complaint for Declaratory Relief to clarify the parties' rights and obligations. The first issue the Complaint raises is whether American Guarantee is obligated to indemnify and defend Simon in the FDF state court case in light of Simon's alleged breach. *Id.* at 18 a). Only if the Court answers "yes" does American Guarantee request that the Court determine which of the two insurers—if any—must pay FDF's attorneys' fees. *Id.* at 18 e).

Simon also seeks to clarify the rights and obligations of the parties, so it filed a Counterclaim for Declaratory Relief against American Guarantee and a Cross-claim for Declaratory Relief against Liberty. Am. Countercl. & Cross-cl. for Decl. Relief (D.E. No. 51, filed June 28, 2012). Liberty contends that because the Court will necessarily address which insurer is obligated to pay for FDF's attorneys' fees in evaluating American Guarantee's Complaint, Simon's Cross-claim is redundant. Mot. to Dismiss or Strike Simon's Am. Cross-cl. (D.E. No. 56, filed July 16, 2012). Liberty thus asks the Court to strike Simon's Cross-claim. We decline its invitation.

## II. DISCUSSION

Because Liberty asks the Court to strike Simon's Cross-claim, we look to Rule 12(f) of the Federal Rules of Civil Procedure for guidance. Rule 12(f) allows the district court to strike any redundant matter from a pleading. FED. R. CIV. P. 12(f). The Court may do so *sua sponte* or at a party's request. FED. R. CIV. P. 12(f)(1), (2). But striking a claim for being redundant is not something courts do regularly—or even often—as "Rule 12(f) motions to strike . . . are not favored, often being considered purely cosmetic or time-wasters." *Kenneth F. Hackett & Assocs., Inc. v. GE Capital Info. Tech.*, F. Supp. 2d 1305, 1309 (S.D. Fla. 2010) (Altonaga, J.) (internal quotation marks omitted) (quoting 5C Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE, Civil § 1382 (3d ed. 2004)). Liberty's Motion—like a lot of the other Rule 12(f) motions we review—identifies redundancy were it does not necessarily exist.

Liberty contends that both Simon's Cross-claim and American Guarantee's Complaint raise the identical issue of which insurer must pay FDF's attorneys' fees. *See* Liberty's Mot. to Strike 2 (D.E. No. 56, filed July 16, 2012). It first directs us to American Guarantee's Complaint,

which asks the Court whether "the policy issued by Liberty . . . or the policy issued by American Guarantee" provides coverage for FDF's attorneys' fees.  Am. Compl. for Decl. Relief 19 e) (D.E. No. 32, filed May 10, 2012).  Liberty then points us to Simon's Cross-claim, which asks whether Liberty is obligated to pay FDF's attorneys' fees.  Am. Cross-cl. 29 (b), (c) (D.E. No. 51, filed June 28, 2012).  Because of the overlap between American Guarantee's Complaint and Simon's Cross-claim, Liberty contends that Simon's claim is redundant and should be stricken.  Mot. to Strike at 2.  Liberty's argument has superficial appeal, but it misses a key point.

Before the Court can address whether American Guarantee is obligated to pay FDF's attorneys' fees, the Court must first determine whether Simon breached the excess policy.  *See* American Guarantee's Am. Compl. for Decl. Relief 18 a).  If the Court finds that Simon's late notice qualifies as a breach, it need not address any of American Guarantee's remaining requests for declaratory relief—like which insurer is obligated to pay for FDF's attorneys' fees.  *See* Am. Compl. for Decl. Relief 19 e) (D.E. No. 32, filed May 10, 2012) ("*in the event that it is determined that SIMON* [*sic*] *. . . is entitled to coverage under the policy* [, American Guarantee requests] that this Court make a determination as to whether coverage is provided to SIMON [*sic*] . . . under the policy issued by LIBERTY [*sic*] . . . or the policy issued by AMERICAN GUARANTEE [*sic*] . . . for any award of attorneys' fees against SIMON [*sic*]").  *Id.* at 18 e) (emphasis added).  Thus, Simon's Cross-claim is not necessarily redundant and indeed will serve a useful purpose in the event we find that Simon breached the excess policy.  *See* 6 Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE, Civil § 1382 (3d ed. 2004) (suggesting that courts should deny a request to strike a claim for declaratory relief "unless there is *no doubt* that it will be rendered moot by the adjudication of the main action") (emphasis added).[1]

### III.  CONCLUSION

For the reasons stated above, it is hereby

---

[1] The Court does not address whether the portion of Simon's Cross-claim regarding pre- and post-judgment interest is a justiciable controversy, since both Simon and Liberty have represented that the parties are in the process of reaching an agreement as to that issue.  *See* Simon's Resp. 8 (D.E. No. 57, filed Aug. 2, 2012); Liberty's Reply 2 n.2 (D.E. No. 58, filed Aug. 13, 2012).  The Court reserves the right to address that portion of the Cross-claim in the event the parties do not reach an amicable resolution.

ORDERED that Liberty Mutual Fire Insurance Company's Motion to Dismiss or Strike Defendant Simon Roofing & Sheet Metal Corp.'s Amended Cross-claim is DENIED.

DONE AND ORDERED in Chambers, Miami, Florida, August 17, 2012.

                                                                                         _____

                                                    Paul C. Huck
                                                    United States District Judge

Copies furnished to:
All counsel of record